IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN JAMES HICKS,**
ADC #138964                                                                                    PETITIONER

V.                           CASE NO. 4:22-cv-01074-BSM-JTK

**LESLIE RUTLEDGE**                                                                  RESPONDENT

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

On May 23, 2007, Mr. Hicks pleaded no contest to three counts of rape.[1] He is currently serving a 240-month sentence in the Arkansas Department of Correction (ADC).

Mr. Hicks has previously filed five federal habeas petitions in this District based on the same conviction. *See Hicks v. Kelley*, Case No. 5:16-cv-207 (E.D. Ark. July 6, 2016); *Hicks v. Kelley*, Case No. 5:17-cv-22 (E.D. Ark. Jan. 24, 2017); *Hicks v. Kelley*, Case No. 5:18-cv-62 (E.D.

---

[1] Mr. Hick's procedural history is outlined in more detail in recommended dispositions written by Judge Volpe in a previously dismissed habeas case. See *Brian James Hicks v. Wendy Kelley*, Case No. 5:16-cv-207, Doc. No. 17 at pp.2-3; *Hicks v. Payne*, Case No. 4:29-cv-1466, Doc. No. 22 at pp.2-3. What follows is a summary of those facts.

Ark. Mar. 5, 2018); *Hicks v. Kelley*, Case No. 5:18-cv-286 (E.D. Ark. Nov. 9, 2018); *Hicks v. Payne*, Case No. 4:20-cv-1466 (E.D. Ark. Dec. 16, 2020). On September 6, 2016, Magistrate Judge Volpe recommended that Mr. Hicks's first habeas petition be dismissed as time-barred since it was filed almost seven years past the limitations period. *See* Case No. 5:16-cv-207, Doc. No. 17. That recommendation was adopted by Judge Moody on September 16, 2016. *Id.*, Doc. No. 19. Each subsequent habeas petition filed by Mr. Hicks has been dismissed because Mr. Hicks has failed to receive permission from the Eighth Circuit to file a successive petition.

Now, Mr. Hicks has filed his sixth *pro se* petition for writ of habeas corpus (Doc. No. 1), which must also be dismissed as successive.

**III.   Discussion:**

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. There is no indication from the record that Mr. Hicks sought and received authorization from the Eighth Circuit Court of Appeals before filing this petition. This Court, therefore, lacks jurisdiction; and the petition should be summarily dismissed.

### III.   Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Hicks has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV.   Conclusion:

The Court recommends that Judge Miller DENY and DISMISS Mr. Hicks's petition for writ of habeas corpus (Doc. No. 1), without prejudice. Furthermore, Judge Miller should deny a certificate of appealability.

Also pending is Mr. Hicks's motions to amend petition (Doc. Nos. 2, 6), motion for copies (Doc. No. 4), motions to vacate (Doc. Nos. 8, 11), and motions for summary judgment (Doc. Nos. 10, 12). These motions are DENIED as moot.

DATED this 8th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE